MUSONDA v. STATE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:MUSONDA v. STATE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

MUSONDA v. STATE2019 OK CR 1Case Number: F-2016-988Decided: 01/10/2019LUBUTO MUSONDA, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 1, __ __

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Lubuto Musonda, was tried by a jury and convicted in Tulsa County District Court, Case No. CF-2015-770, of Count 3: Child Abuse by Injury, in violation of 21 O.S.Supp.2014, § 843.5; Count 4: Second Degree Robbery, in violation of 21 O.S.2011, § 791; Count 5: Assault and Battery on a Police Officer, in violation of 21 O.S.2011, § 649; Count 6: Misdemeanor Assault and Battery, in violation of 21 O.S.2011, § 644; and Count 7: Cruelty to Animals, in violation of 21 O.S.2011, § 1685.1 The jury recommended the following sentences: Count 3--ten (10) year imprisonment and a $5,000.00 fine; Count 4--seven (7) years imprisonment and a $7,000.00 fine; Count 5--one (1) year imprisonment and a $500.00 fine; Counts 6--ninety (90) days in the county jail and a $1,000.00 fine; and Count 7--ninety (90) days in the county jail and a $500.00 fine. The Honorable Kelly Greenough, District Judge, sentenced Musonda in accordance with the jury's verdicts and ordered the sentences be run consecutively.2 The trial court further imposed various costs and fees.

¶2 Musonda now appeals, raising two (2) propositions of error before this Court:

I. THE TRIAL COURT ERRED BY NOT REQUIRING THE PROSECUTION TO DIVULGE TO THE DEFENDANT THE FINDINGS OF A PRIVATE EXPERT WITNESS, RETAINED BY THE STATE TO REBUT APPELLANT'S PLEA OF NOT GUILTY BY REASON OF INSANITY; and

II. THE TRIAL COURT SHOULD HAVE REQUIRED THE STATE TO FURNISH WHATEVER FINDINGS OR OTHER DETERMINATIONS THE STATE'S EXPERT MADE TO THE COURT FOR AN IN CAMERA DETERMINATION AS TO WHETHER THOSE FINDINGS COULD BE CONSTRUED AS EXCULPATORY TO THE DEFENDANT.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs,3 we find that no relief is required under the law and evidence. Musonda's judgments and sentences are AFFIRMED.

¶4 Proposition I: Musonda complains the trial court erred when it denied his discovery request for any reports or statements made by the State's expert medical consultant, Dr. Shawn Roberson. Musonda argues that the trial court read too narrowly subsection (A)(1)(d) of the Oklahoma Discovery Code--22 O.S.2011, § 2002. He further challenges the trial court's determination that Dr. Roberson's unsworn statements gathered by the State in preparation of its case were "work product" and thus excluded from discovery.

¶5 Notably, Musonda fails to cite in the record where he objected to this alleged discovery violation at trial. See Bramlett v. State, 2018 OK CR 19, ¶ 27, 422 P.3d 788, 797 (failure to object at trial to alleged discovery error waived all but plain error review). This Court will not search the record to determine if Musonda properly preserved his claim for appellate review. Rule 3.5(A)(5) & (C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (requiring appellants support their arguments by citations to the authorities, statutes and relevant pages of the record); Logsdon v. State, 2010 OK CR 7, ¶ 41, 231 P.3d 1156, 1169-70 (claim is waived for failure to cite the applicable portion of the record); Stouffer v. State, 2006 OK CR 46, ¶ 126, 147 P.3d 245, 270-71 (same); Brown v. State, 1997 OK CR 1, ¶ 33, 933 P.2d 316, 324-25 (appellant's failure to make sufficient citation to the record waived his claim that State improperly withheld an investigatory report containing exculpatory evidence). Musonda has thus waived all but plain error review of this claim.

¶6 To be entitled to relief under the plain error doctrine, Musonda must show the existence of an actual error (i.e., deviation from a legal rule), that is plain or obvious, and that affects his substantial rights, meaning the error affected the outcome of the proceeding. Bramlett, 2018 OK CR 19, ¶ 23, 422 P.3d at 796. If these elements are met, this Court will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id.; 20 O.S.2011, § 3001.1. Musonda fails to show error, plain or otherwise.

¶7 The Oklahoma Discovery Code exempts legal work product from discovery. 22 O.S.2011, § 2002(E)(3) ("[t]he discovery order shall not include discovery of legal work product of either attorney which is deemed to include legal research or those portions of records, correspondence, reports, or memoranda which are only the opinions, theories, or conclusions of the attorney or the attorney's legal staff."). However, the work product exemption is not absolute. Irrespective of the exemption, "[d]ue process requires the State to disclose exculpatory and impeachment evidence favorable to an accused." Bramlett, 2018 OK CR 19, ¶ 28, 422 P.3d at 797 (citing Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). See also Nauni v. State, 1983 OK CR 136, ¶ 31, 670 P.2d 126, 133 ("the work-product privilege may not be applied in derogation of a criminal defendant's constitutional rights to disclosure of evidence favorable to the defendant").

¶8 In the present case, the State's conversations with Dr. Roberson were not discoverable under state law. Dr. Roberson was a consulting expert for the State. He was never retained as or endorsed as a fact witness. Moreover, he never examined or spoke with Musonda. While he reviewed Musonda's expert's notes, Dr. Roberson never generated any reports or findings. Nor were the State's conversations with Dr. Roberson recorded or memorialized in a report. Dr. Roberson's role as a consulting expert thus did not produce a discoverable species of evidence. Rather, his involvement in the case was purely limited to aiding the State in trial preparation. The conversations had between the State and Dr. Roberson therefore fell within the work product exception. Cf. Ellison v. Gray, 1985 OK 35, ¶ 7, 702 P.2d 360, 363 ("The opinion work product area is carved out to protect the right of counsel to privacy in the analysis and preparation of the client's case.").

¶9 Moreover, there is no indication from the record that a Brady violation occurred in this case. During the pre-trial discovery hearing, the State repeatedly acknowledged its ethical duty to disclose exculpatory evidence and assured the trial court that there was nothing exculpatory. We must presume that the prosecutor, as an officer of the court, adhered to her oath and nothing exculpatory was borne out of the State's consultation with Dr. Roberson. Brown, 1997 OK CR 1, ¶ 33, 933 P.2d at 325.

¶10 Musonda fails to show error, let alone plain error, in the trial court's denial of his discovery request. Proposition I is denied.

¶11 Proposition II: Musonda argues the trial court, at the very least, should have conducted an in camera review of Dr. Roberson's findings to determine if these materials contained anything exculpatory in nature. Given that Dr. Roberson did not evaluate Musonda or prepare a report containing any findings, we assume Musonda contends the State should have been made to produce any notes it generated from its consultation with Dr. Roberson for the trial court's review.

¶12 Again, Musonda's failure to object at trial to the alleged discovery error waived all but plain error review of this claim. Bramlett, 2018 OK CR 19, ¶ 27, 422 P.3d at 797. Musonda fails to show error, plain or otherwise, occurred. As previously observed in Proposition I, the prosecutor clearly acknowledged her ethical duty to disclose exculpatory evidence and assured the trial court that there was nothing "exculpatory in any way" in its communications with Dr. Roberson. Given that there is nothing in the record indicating a Brady violation occurred, we must presume the prosecutor, as an officer of the court, adhered to her oath. Musonda's mere speculation is insufficient to overcome this presumption and cause reversal. See Fairchild v. State, 1999 OK CR 49, ¶ 93, 998 P.2d 611, 629-30 ("The Appellant presents nothing beyond mere rank speculation to support this argument factually. Absent some showing of harm, we find no relief is warranted."). Musonda's Proposition II is therefore denied.

DECISION

¶13 The Judgments and Sentences of the District Court are AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KELLY GREENOUGH, DISTRICT JUDGE

 

APPEARANCES AT TRIAL
APPEARANCES ON APPEAL

 
 

LARRY EDWARDS
NEAL B. KIRKPATRICK

ATTORNEY AT LAW
2021 S. LEWIS, STE. 335

601 S. BOULDER, STE. 1305
TULSA, OK 74104

TULSA, OK 74119
COUNSEL FOR APPELLANT

COUNSEL FOR DEFENDANT
 

 
 

ANDREA BROWN
MIKE HUNTER

KATIE KOLJACK
OKLA. ATTORNEY GENERAL

ASST. DISTRICT ATTORNEYS
WILLIAM R. HOLMES

500 S. DENVER, STE. 900
ASST. ATTORNEY GENERAL

TULSA, OK 74013
313 N.E. 21ST STREET

COUNSEL FOR THE STATE
OKLAHOMA CITY, OK 73105

 
COUNSEL FOR APPELLEE

 

OPINION BY: HUDSON, J.
LEWIS, P.J.: CONCUR
KUEHN, V.P.J.: CONCUR
LUMPKIN, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

1 The jury acquitted Musonda on Counts 1 and 2--First Degree Burglary and Attempted Kidnapping, respectively. As to Count 4, Musonda was originally charged with Robbery by Force or Fear, but the jury rejected the original charge and convicted him of the lesser included offense of Second Degree Robbery.

2 Musonda must serve eighty-five (85) percent of his Count 3 sentence before becoming eligible for parole. 21 O.S.Supp.2014, § 13.1(14).

3 On December 13, 2017, this Court granted Musonda an extension of time to file his reply brief. The final due date for filing this brief was December 19, 2017. Musonda tendered his reply brief for filing on December 20, 2017. An application to file the reply brief out of time was not contemporaneously filed with the reply brief. Thus, Musonda's reply brief is ordered STRICKEN as it is not properly before the Court. See Rule 3.4, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018).

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 2006 OK CR 46, 147 P.3d 245, STOUFFER v. STATEDiscussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATEDiscussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATEDiscussed at Length
 1999 OK CR 49, 998 P.2d 611, Fairchild v. StateDiscussed
 1983 OK CR 136, 670 P.2d 126, NAUNI v. STATEDiscussed
 1997 OK CR 1, 933 P.2d 316, Brown v. StateDiscussed at Length
Oklahoma Supreme Court Cases
 CiteNameLevel

 1985 OK 35, 702 P.2d 360, 56 OBJ 1032, Ellison v. GrayDiscussed
Title 20. Courts
 CiteNameLevel

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or ProcedureCited
Title 21. Crimes and Punishments
 CiteNameLevel

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses SpecifiedCited
 21 O.S. 1685, Acts of Cruelty to AnimalsCited
 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - PenaltiesCited
 21 O.S. 644, Punishment for Assault and BatteryCited
 21 O.S. 649, Assault and Battery Upon Police Officer, Sheriff, etc. - PenaltiesCited
 21 O.S. 791, Definition of RobberyCited
Title 22. Criminal Procedure
 CiteNameLevel

 22 O.S. 2002, Disclosure of Evidence by State and Defendant - Duty of Disclosure - Time of Discovery - Regulation - Cost of Copying, etc.Discussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA